FILED

2008 FEB -6 P 3: 35

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LANE,

        Plaintiff,

v.

CASE NO. 2:08-CV-10385
HONORABLE NANCY G. EDMUNDS

DR. G. A. ISAACS, et al.,

        Defendants.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This is a prisoner civil rights case under 42 U.S.C. § 1983. The plaintiff, Raymond Lane, is a Michigan prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan. In his complaint, Mr. Lane asserts that he has denied prompt and proper medical treatment for a broken foot while confined at the Carson City Correctional Facility. The named defendants are health care workers and prison officials at that facility.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any

1

other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. The defendants reside in Montcalm County for purposes of the present complaint and the actions giving rise to the complaint occurred there as well. Montcalm County lies in the Southern Division of the Western District of Michigan. See 28 U.S.C. § 102(b).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. See 28 U.S.C. §§ 1391(b) and 1404(a).

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2008

2